**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

KATRINA SCHALLER, BY AND THROUGH HER LEGAL GUARDIANS KIMBERLY A. FEGURGUR AND JOHN A. FEGURGUR,

Plaintiff-Appellee,

v.

UNITED STATES SOCIAL SECURITY ADMINISTRATION, et al.,

Defendants-Appellants.

**No. 20-16589**

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO VACATE AND REMAND WITH INSTRUCTIONS TO DISMISS**

Katrina Schaller's tragic death does not warrant vacatur of the United States District Court for the District of Guam's well-reasoned decision, a landmark ruling about the equal rights of American citizens with disabilities living on Guam. Katrina Schaller and her twin sister, Leslie Schaller, suffered from myotonic dystrophy, a debilitating and incurable genetic disorder that causes long-term degeneration of muscle

function. Leslie Schaller received Supplemental Security Income ("SSI") benefits in the continental United States, but Katrina Schaller was denied them on Guam. Katrina Schaller challenged that discrepancy as unconstitutional and the District of Guam agreed in a decision issued almost two years ago. The government appealed, then moved to stay the case. In the meantime, Katrina Schaller passed away, mooting the government's appeal. Because the public interest militates against vacatur, and because the government's stay contributed to the delayed resolution of this case, the Court should dismiss this appeal and do no more. At most, the Court should remand with instructions for the district court to determine vacatur in the first instance.

## STATEMENT OF FACTS

Katrina Schaller sued the government in the United States District Court for the District of Guam, alleging that denying citizens living on Guam SSI benefits deprived those citizens of equal protection of the laws under the Fifth Amendment and the Guam Organic Act. *See Schaller v. U.S. Soc. Sec. Admin.*, No. 1:18-cv-00044 [Dkt. 1] at 20–23 (D. Guam Dec. 6, 2018).

The district court granted summary judgment for Schaller. The court held that "the discriminatory provisions of the SSI statute and any related implementing regulations that discriminate on the basis of status as a resident of Guam violate the Constitution and Organic Act's guarantees of Equal Protection." Order Denying Defs.' Mot. to Dismiss for Lack of Jurisdiction, Granting Pl.'s Mot. for Summary Judgment; and Denying Defs.' Cross Mot. for Summary Judgment, *Schaller v. U.S. Soc. Sec. Admin.*, No. 1:18-cv-00044 [Dkt. 77] at 20 (D. Guam June 19, 2020). The court "enjoin[ed] Defendants from enforcing against the Plaintiff such discriminatory provisions of the SSI statute and any relevant implementing regulations." *Id.*

The government appealed and filed its opening brief over a year ago, on December 28, 2020. After the Supreme Court granted certiorari in *United States v. Vaello-Madero* (a case involving a similar Equal-Protection challenge to the government's exclusion of Puerto Rico from the SSI program), the government moved to stay this case on March 12, 2021, which Schaller did not oppose. Mar. 12, 2021 Mot. to Stay [Dkt. 21] at 3. On March 18, the Court granted the motion to stay "until

resolution of *United States v. Vaello-Madero*, Sup. Ct. Dkt. No. 20-303, or until further order of this court." Mar. 18, 2021 Order [Dkt. 22] at 1.

Eight months went by, and on November 13, 2021, Katrina Schaller died from the very condition that entitled her to SSI benefits—myotonic muscular dystrophy. Jan. 6, 2022 Not. and Suggest. of Death [Dkt. 26], at Ex. A. Her sister, Leslie Schaller, had passed away a month earlier. Katrina Schaller's counsel filed a suggestion of death with this Court in accordance with Federal Rule of Appellate Procedure 43(a)(1). Jan. 6, 2022 Not. and Suggest. of Death [Dkt. 26]. The Court then ordered the government to file a motion for voluntary dismissal or other appropriate relief. *See* Feb. 2, 2022 Order [Dkt. 27].

The government moved to vacate the district court's opinion and judgment and remand with instructions to dismiss the case as moot. Mar. 4, 2022 Mot. for Misc. Relief ("Mot. to Vacate") [Dkt. 28].

## ARGUMENT

The judgment below must stand. Equity is the touchstone of whether vacatur is appropriate. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Seafirst Co.*, 891 F.2d 762, 766 (9th Cir. 1989). Because "[j]udicial precedents are presumptively correct and valuable to the legal

community as a whole," the party seeking relief from judgment must show "equitable entitlement to the extraordinary remedy of vacatur." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) (citation omitted). For two reasons, the government has failed to carry that burden. *First*, vacating the judgment below conflicts with the public interest. The District of Guam's decision enshrines the equal protection of thousands of vulnerable people on Guam. *Second*, because the government actively delayed this case by moving to stay it almost one year ago, it is not entitled to the extraordinary remedy of vacatur.

## I. Vacating the District Court's Judgment Defies the Public Interest.

Vacating the District of Guam's judgment contradicts the public interest. Judicial precedents "are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *Bancorp*, 513 U.S. at 26 (internal quotation omitted); *id.* ("As always, when federal courts contemplate equitable relief, our holding must also take into account the public interest."). The Ninth "[C]ircuit recognizes that society's interests in judicial finality and precedent are to be weighed along with the interests of the litigants." *Indep. Union of Flight Attendants v. Pan Am. World*

*Airways, Inc.*, 810 F. Supp. 263, 266 (N.D. Cal. 1992)*; see Nat'l Union Fire Ins. Co.*, 891 F.2d at 765.

The District of Guam decided a key question of equal protection for some of the most vulnerable citizens of this country. And the Court made that determination after carefully considering the extensive filings Schaller and the government submitted. Though the government must prove entitlement to vacatur, it spills no ink explaining why vacatur is justified.[1]

Constitutional precedents—like the District of Guam's—are particularly important. Maintaining the district court's decision protects Guam's citizens' constitutional rights. *See First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765, 776 (1978) ("The Constitution often protects interests broader than those of the party seeking their vindication."). Indeed, courts have emphasized that "the public interest is best served by a substantial body of judicial precedents limiting" unconstitutional governmental action. *See Moore v. Thurston*, 928 F.3d 753, 758–59 (8th

[1] Nor is the government prejudiced by mere dismissal of this appeal. The district's court judgment was limited to Schaller. *Schaller v. U.S. Soc. Sec. Admin.*, No. 1:18-cv-00044 [Dkt. 77] at 20 (D. Guam June 19, 2020).

Cir. 2019) (denying vacatur of decision determining Arkansas's ballot access requirements violated candidates' and voters' First and Fourteenth Amendment rights); *see also Aetna Cas. & Sur. Co. v. Home Ins. Co.*, 882 F. Supp. 1355, 1358 (S.D.N.Y. 1995) ("[E]ven though a district court decision does not bind other courts even in the same district, it may be at least persuasive authority in guiding other courts concerning issues of law capable of repetition in future cases.").

What is more, the District of Guam's decision safeguards necessary benefits for Guam's population with severe medical needs. *See In re Search of a Residence in Oakland, California*, 2019 WL 6716356, at *3 (N.D. Cal. Dec. 10, 2019) ("The public interest in the fair and orderly administration of justice would be poorly served by allowing the government to erase an unfavorable ruling through 'the secondary remedy of vacatur.'" (quoting *Bancorp*, 513 U.S. at 27)). The District of Guam's decision is "not merely the property of private litigants," *Bancorp*, 513 U.S. at 26—to the contrary, the decision affects thousands of Guamanians. *See* Guam Res. 42-32, 32nd Sess. (2013), https://www.guamlegislature.com/COR_Res_32nd/Adopted/R042-32%20

(LS).pdf (resolution of Guam Legislature stating that, in 2013, Guam had around *24,000* disabled residents who might be eligible for SSI).

Congress has also recognized the importance of this issue. Members of Congress are lobbying to secure expanded access to federal programs and services—like SSI—for American citizens living in the territories.[2] The House Committee of Natural Affairs heard testimony on the importance of the *Schaller* decision to the people of Guam.[3]

And, as President Biden recently explained, declining to provide citizens living in the territories with SSI "is inconsistent with [the] Administration's policies and values . . . there can be no second-class citizens in the United States of America." *See* Statement by President Joseph R. Biden, Jr. on Puerto Rico (June 7, 2021),

---

[2] *See* Letter to Shalanda Young, Off. Mgmt. & Budget, from Acting Director Raúl M. Grijalva, House Comm. on Nat'l Res. (Apr. 8, 2021), https://naturalresources.house.gov/imo/media/doc/Chair%20Raul%20 Grijalva%20Letter%20to%20OMB.pdf.

[3] *See* Tina Rose Muña Barnes, Test. on House Res. 279 Before the House Comm. on Nat'l Res., Off. Insular Affs. (May 12, 2021) ("It is contrary to common sense, human decency, and sound public policy to deny public benefits to all other American citizens with disabilities living on Guam."), https://naturalresources.house.gov/imo/media/doc/Testimony, %20Vice%20Speaker%20Barnes%20-%20FC%20OIA%20Leg%20Hrg %205.12.21.pdf.

https://www.whitehouse.gov/briefing-room/statements-releases/2021/06/07/statement-by-president-joseph-r-biden-jr-on-puerto-rico/.[4]

In fact, the Supreme Court is now considering a similar issue in *Vaello-Madero*. That case is about whether Congress violated the Fifth Amendment Equal Protection clause by extending the SSI program to the fifty states, the District of Columbia, and CNMI, but not Puerto Rico. *See United States v. Vaello-Madero* 141 S. Ct. 1462 (2021) (granting petition for writ of certiorari). There, many state and territorial attorneys general filed a brief supporting SSI for territorial residents.[5] The Supreme Court's decision in *Vaello-Madero* should affirm the District of Guam's reasoning. That pending decision means there will be no need to "clear[] the path for future relitigation of the issues"—the Supreme Court will

---

[4] Despite that strong statement, the government continues to advocate for denying benefits to residents of the territories in multiple cases, including this one.

[5] *See* Steve Limtiaco, "Attorneys General Support SSI Benefits for Territorial Residents," Pacific Daily News (Sept. 8, 2021), https://www.guampdn.com/news/attorneys-general-support-ssi-benefits-for-territorial-residents/article_f4c4479c-105f-11ec-9cd6-af2c47c1b616.html.

have decisively spoken.[6] *Bancorp*, 513 U.S. at 22–23 (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950)).

## II. In All Events, the Government Cannot Seek Vacatur Because it Delayed the Decision of this Case.

The government's actions preclude vacatur. Vacatur is improper "when the appellant has by his own act caused the dismissal of the appeal and is in no position to complain that his right of review of an adverse lower court judgment has been lost." *Ringsby Truck Lines, Inc. v. W. Conf. of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982) (dismissing appeal as moot but denying motion to vacate district court's judgment). In such cases, the decision is "not unreviewable, but simply unreviewed by [a litigant's] own choice." *See Bancorp*, 513 U.S. at 25. The case the government relies on reflects this notion. As that court explained: "[*W*]*hen an appellant, by his own act, has mooted an appeal*," automatic vacatur is inappropriate. *Riverhead Sav. Bank v. National Mortg. Equity Corp.*, 893 F.2d 1109, 1113 (9th Cir. 1990) (emphasis added).

---

[6] The Government agrees. In its earlier motion asking this Court to stay the case, it argued: "A decision in *Vaello-Madero* will likely *substantially affect* this Court's consideration of the arguments in this appeal." Mar. 12, 2021 Mot. to Stay [Dkt. 21] at 3 (emphasis added).

By moving to stay the case, the government introduced substantial delay, risking timely appellate review. Schaller had to seek SSI benefits because of her degenerative disease. The government was aware of Schaller's condition. And it was a known risk that, during that stay, Schaller's degenerative disease would progress. *Contra* Mot. to Vacate at 4 (claiming that Schaller's death constitutes "circumstances over which appellant had no control" (citations omitted)).[7] Indeed, had the government *not* moved to stay, this case would have already been decided. Schaller's answer brief was due nearly a year ago—on March 29, 2021—and the reply brief was due 21 days later. Feb. 17, 2021 Order [Dkt. 20].

Instead, because of the government's delay, this case has not progressed. The government cannot capitalize on its own delay to erase the well-reasoned judgment below. *See, e.g.*, *Cammermeyer v. Perry*, 97 F.3d 1235, 1239 (9th Cir. 1996) (finding that the government's action mooted the case and noting that "under similar circumstances, we have

[7] That Schaller did not oppose the stay is immaterial. *See Bancorp*, 513 U.S. at 26 (declining to vacate appellate judgment where parties were "jointly responsible for settling").

refused to vacate the lower court's judgment, even when the appellant did not intend to moot the appeal").

This Court should preserve the District of Guam's decision. At most, the Court should remand the case to the District of Guam to consider the equities and determine whether vacatur is appropriate. *See, e.g.*, *Norsworthy v. Beard*, 802 F.3d 1090, 1092–93 (9th Cir. 2015) (remanding to the district court to determine vacatur); *Cammermeyer*, 97 F.3d at 1239 ("follow[ing] . . . established practice[,]" declining to grant vacatur, and and remanding to the district court); *Dilley v. Gunn*, 64 F.3d 1365, 1369, 1371 (9th Cir. 1995) (remanding to the district court to determine whether decision should be vacated).

## CONCLUSION

For these reasons, this Court should dismiss the appeal as moot, but decline to vacate. In the alternative, the Court should remand and instruct the district court to determine whether to vacate in the first instance.

Dated: March 14, 2022

Respectfully submitted,

By: */s/ Michael F. Williams*

Michael F. Williams, P.C.
Katherine Epstein
Soowan Julia Choi
Gabrielle Belzil
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: +1 202 389 5000
Facsimile: +1 202 389 5200
Email: mwilliams@kirkland.com
kate.epstein@kirkland.com
julia.choi@kirkland.com
gabi.belzil@kirkland.com

Rodney J. Jacob
CALVO FISHER & JACOB LLP
259 Martyr Street, Suite 100
Hagåtña, Guam 96910
Telephone: +1 671 646 9355
Facsimile: +1 671 646 9403
Email: RJacob@calvofisher.com

*Counsel for Plaintiff-Appellee*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-volume limitations of Fed. R. App. P. 27(d)(2)(A). This response contains 2,125 words, excluding the parts of the motion excluded by Fed. R. App. P. 27(d)(d) and 32(f).

*/s/ Michael F. Williams*
Michael F. Williams, P.C.

## CERTIFICATE OF SERVICE

I, Michael F. Williams, hereby certify that on March 14, 2022, I electronically filed the foregoing Response with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

*/s/ Michael F. Williams*
Michael F. Williams, P.C.